Bright v. Slocum.

---

BRIGHT v. SLOCUM *et al.*

**Tax Sale and Deed:** PRIOR PAYMENT OF TAXES: EVIDENCE: PRESUMPTION. Plaintiff, in order to show that, prior to the sale of his lot for taxes, he had paid the very tax for which it was sold, proved that he had applied to the treasurer for a statement of the taxes due on all his property, consisting of more than one hundred lots, and that, upon receiving his report, he sent by express the amount of money indicated to pay all the taxes. He also produced a tax receipt, showing the payment of the tax on the lot in question, together with five other lots. But the stub of the receipt, which remained in the treasurer's office, showed payment on five of the lots only, omitting the one in question. *Held* that the stub, being a mere memorandum, could not overcome the receipt; also, that it was more rational to presume that the treasurer made a mistake in omitting the lot from the stub, than that he neglected to apply the money sent by plaintiff to the purpose for which it was intended.

*Appeal from Cerro Gordo District Court.*—HON. G. W. RUDDICK, Judge.

FILED, JANUARY 25, 1889.

ACTION in chancery to set aside a tax sale and deed, and to quiet in plaintiff the title to the land conveyed by the deed. Upon a trial on the merits plaintiff's petition was dismissed. He now appeals to this court.

*Adams & Matthews*, for appellant.

*Glass & Hughes*, for appellees.

BECK, J.—I. The ground upon which plaintiff bases his right to the relief prayed for is that the taxes for which the land was sold were, before the sale, actually paid by plaintiff. In support of this claim he produces a tax receipt showing the payment of the taxes upon the lot in controversy and more than one hundred other lots. He testifies that he was informed by the treasurer of the county of the amount of the taxes due on all of his property. He therefore sent by express the amount of money thus indicated to the treasurer of the county, addressing the package to the officer without giving his name. The tax receipt was issued January 9. It appears that a new treasurer entered upon the discharge of the duties of the office, January 1. The money sent by express was received by the treasurer who was the predecessor of the officer signing the receipt, who paid it to his successor. Thus far the evidence of payment is full and satisfactory, leaving no question in the mind as to the payment.

II. But the defendant shows in contradiction of this evidence that the stub of the tax receipt shows that payment was not made on the lot in controversy. It also appears that the footing of the values of six lots, including this lot, which are put together, does not include its value. There is no other evidence tending to contradict the tax receipt. The omission of the description of the lot from the stub of the tax receipt surely cannot overcome the tax receipt. If a mistake is to be presumed, it must rather be taken to have occurred in the stub. It is but a memorandum of the receipt, and is not more satisfactory evidence than the receipt itself. So the amount of the aggregate value of the lot with five others cannot contradict the receipt. It is more rational to suppose a mistake in this aggregate value than in the receipt.

III. Many considerations and legal presumptions other than the evidence referred to sustain the conclusion that the taxes were actually paid. Plaintiff applied to the treasurer for the amount of taxes due on his lots.

The treasurer's tax-books showed what lots were owned by plaintiff. The treasurer made report to the plaintiff. We will presume that this report was truthful. Plaintiff acted on it, and sent the money required. It was received, and it will be presumed, in the absence of proof to the contrary, that it was rightly applied. It is not rational to suppose that the treasurer should withhold payment on one out of more than one hundred lots. We must presume dishonesty and fraud, to hold that he did. It is more rational to presume that the omission of the lot from the stub of the receipt was the result of mistake. We concur in the conclusion that the evidence satisfactorily shows the payment of the taxes.

Plaintiff offers to pay into court whatever sum is required to redeem from the tax sale, and to pay all taxes due on the land. The cause will be remanded to the court below for a decree setting aside the tax deed, and granting other relief prayed for by plaintiff, and settling the amount required to redeem from the taxes and the tax sale. REVERSED.